CORNWELL *v.* COGWIN.

(*Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. CHEESE FACTORY—SALE OF SKIMMED MILK—PENALTY.

Laws 1885, c. 427, provides that whosoever shall, with intent to defraud, bring to be manufactured to any cheese factory milk from which any cream has been taken,

shall for each offense pay a fine for the benefit of the association, etc., on which such fraud is committed. *Held* that, where defendant took for his family use cream from milk which he delivered to an association of patrons of a cheese factory, it was no defense to an action brought on behalf of such association that his taking of the cream was with the permission of the cheese-maker, who was also treasurer of the association, and the nominal plaintiff in the action, but not one of the patrons of the association.

2. WITNESS—CROSS-EXAMINATION—FORM OF QUESTION.

Where a witness was asked a question on cross-examination, with a view of showing a hostile feeling on her part towards defendant, but such question embraced other matters not admissible, and assumed facts not in evidence, an objection was properly sustained.

Appeal from Cattaraugus county court.

Action by David Cornwell, as treasurer, against Charles J. Cogwin to recover certain penalties. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Wm. G. Laidlaw,* for appellant.    *A. Spring,* for respondent.

DWIGHT, P. J.    The action was brought in a justice's court to recover penalties alleged to have been incurred by the defendant under the provisions of chapter 427 of the Laws of 1885, for delivering skimmed milk at a cheese factory. The justice rendered judgment against the defendant for $50 and costs, which was affirmed in the county court. The plaintiff was the treasurer of the unincorporated association of patrons of a cheese factory at Farmersville, in Cattaraugus county, and the action was brought in his name, under the provisions of section 1919 of the Code of Civil Procedure, for the benefit of the association. The statute (Act of 1885, *supra*) provides that, " whoever shall, with intent to defraud, * * * bring to be manufactured to any * * * cheese factory in this state * * * any milk from which any cream has been taken, * * * shall for each and every offense forfeit and pay a sum not less than twenty-five nor more than one hundred dollars, with costs of suit, * * * for the benefit of the * * * association * * * upon which such fraud is committed." The defendant was one of the patrons of the cheese factory, delivering his milk to it daily, and he habitually committed the offense described in the statute, and for which the penalty is prescribed. His wife was in the almost daily habit of taking cream from the cans for the use of the family, with his knowledge and approval, and he was in the habit of delivering to the factory the milk from which the cream had thus been taken. This he admitted on the trial; his only defense being that such acts were without the intent to defraud mentioned in the statute. In support of this defense he offered evidence to show that he had the permission of the cheese-maker, who was also the treasurer of the association, and the nominal plaintiff in this action, to take off cream for family use. The evidence was objected to, and the ruling of the justice excluding it furnishes substantially, the only ground of this appeal. The ruling was clearly correct. The necessary effect of the act forbidden by the statute and admitted by the defendant was to defraud the associated patrons by depreciating the quality and value of the cheese made at their factory, and the elementary principle that a man is presumed to intend the natural and necessary consequences of his act, knowingly committed, applies with full force to the case of the defendant. The evidence offered by him had no tendency to rebut that presumption. It does not help his case to show that another person was in complicity with him in the wrongful act. The consent of the cheese-maker and treasurer was not the consent of the patrons of the factory. The treasurer was not even one of the patrons. He was the servant, and, in a limited sense, perhaps, the agent, of the association, employed to make and sell their cheese. His compensation depended upon the number of pounds of cheese manufactured, not upon its quality or price. Of course

he had no authority to consent to a fraud upon his employers, and his complicity in the acts of the defendant could have no effect to relieve those acts of their fraudulent character.    The evidence proposed was therefore properly excluded.    If the action had been brought by the plaintiff for his own benefit, or if the judgment were to inure to his benefit, in whole or in part, a defense based upon the fact suggested by the question might, perhaps, have been available; but such is not the case.    The treasurer was only the nominal plaintiff, and the recovery is, by the terms of the statute, "for the benefit of the association upon which the fraud was committed."

Only one other question is presented on this appeal.    Mrs. Cornwell, a witness for the prosecution, was asked a question on cross-examination, with a view, as it is said, of showing hostile feeling on her part towards the defendant.    But the question embraced other matters not admissible, and assumed facts not in evidence.    The objection to the question was properly sustained. The judgment must be affirmed.

Judgment of the county court of Cattaraugus county affirmed, with costs. All concur.